UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22077-Civ-COOKE/TORRES

CLARA BROWN,

    Plaintiff,

vs.

MIAMI-DADE COUNTY SCHOOL
DISTRICT, a Florida subdivision,
CARLOS RIOS, an individual, ANA
RASCO, an individual, MATTHEW
RADDING, an individual, and ANA
BARRETO, an individual,

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

    Plaintiff Clara Brown ("Plaintiff" or "Ms. Brown") brings this action pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1983 against Defendants the School Board of Miami-Dade County[1] (the "School Board"), Carlos Rios ("Mr. Rios"), Ana Barreto ("Ms. Barreto"), Ana Rasco ("Ms. Rasco"), and Matthew Radding ("Mr. Radding").[2] Plaintiff alleges that she was forced to resign her position as a tenured teacher at Miami Jackson Senior High in Miami, Florida, under threat of termination, on the basis of race and age discrimination. As a result, she alleges the following: Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (Count I); Age Discrimination in Violation of the ADEA (Count II); Reprisal for Engaging in Protected Activities (Count III); and Violation of 42 U.S.C. § 1983 (Count IV).

    Defendants the School Board, Mr. Rios, and Ms. Barreto filed a Motion to Dismiss Plaintiff's Complaint with Prejudice (ECF No. 12), to which Plaintiff filed her Response to Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice and Rule to Show Cause (ECF No. 19), and Defendants filed their Reply to Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice (ECF No. 20). I have reviewed the parties'

---

[1] Incorrectly referred to as "Miami-Dade County School District" in Plaintiff's Complaint.
[2] Plaintiff has failed to serve Defendonts Matthew Radding and Ana Rasco within the 120 days required by Fed. R. Civ. P. 4(m). Therefore the claims against them are dismissed without prejudice.

arguments, the record, and the relevant legal authorities. For the reasons provided herein, the Defendants' Motion to Dismiss is granted.

## I. BACKGROUND

Plaintiff Clara Brown, a sixty-year-old African-American female, was employed as a public school teacher with the Miami-Dade County School District from 1979 through October 2013. Compl. ¶ 3. She was a tenured teacher at Miami Jackson Senior High School in Miami, Florida when she was allegedly forced to resign. *Id.* at ¶¶ 9, 10. The majority of staff and teachers at Miami Jackson Senior High School are Hispanic, and as such, Plaintiff alleges that she was subjected to "rigorous screening and illegal screening processes and teaching evaluations that Hispanic teachers were not [subjected to]." *Id.* at ¶¶ 14, 15. More specifically, Plaintiff alleges that she was subjected to two "observation of standards" plans in October and December of 2012 at the behest of Defendant Mr. Radding, the Science Chair. *Id.* at ¶ 21. She complained to Defendant Mr. Rios, the school's principal, and to her union representative, Debra Riddick, that she was being discriminated against because of her age and race after she was placed on a ninety day performance improvement plan, which she alleges is applicable only to probationary school instructional personnel. *Id.* at ¶¶ 22, 23. Subsequently, allegedly as retaliation for her complaints, Plaintiff was subjected to three additional observation of standards plans, allegedly coerced into signing a probationary employment contract, and placed under a performance improvement plan. *Id. at* ¶ 24. She then alleges that after weeks of harassment as a probationary employee, she felt compelled to resign because her "working conditions were so intolerable." *Id.* at ¶¶ 24, 25. She alleges that Defendants knew that the ninety-day performance improvement plan for probationary new hires was illegally applied to her, as a teacher with over twenty-nine years of experience. *Id.* at ¶ 25. Additionally, she perceived being forced by Defendants to waive the protections afforded to her under Fla. Stat. § 1012.33 to be "cruel and cynical to the extreme and discriminatory by law." *Id.*

## II. LEGAL STANDARD

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a complaint subject to a motion to dismiss, all factual allegations must be accepted as true, however, mere conclusory statements "are not entitled to

the assumption of truth." *See Iqbal*, 556 U.S. at 664.  The factual allegations alone must state a facially plausible entitlement to relief. *Id.*  The standard of facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

A court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  However, a document attached to a motion to dismiss may be considered without converting the motion into a motion for summary judgment if that document is central to the claim and its authenticity is undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted).  "Undisputed" means that the document's authenticity is not challenged. *Id.*

### III.  ANALYSIS

#### A. Counts I, II, and III

In their Motion to Dismiss, Defendants argue, in part, that Plaintiff's claims under Title VII and the ADEA must be dismissed for failure to exhaust the administrative procedures outlined by the parties' Collective Bargaining Agreement ("CBA").  In response, Plaintiff argues that she could not avail herself of the appeals process outlined in the parties' CBA because only a written disciplinary action triggers the appeals process and she never received a written formal charge of discipline.

Plaintiff appears to allege that since she was not technically disciplined, the grievance procedures laid out in the CBA are inapplicable.  Plaintiff also alleges that she was forced to resign due to Defendants' "harassment and discriminatory practices" and that she was "not given the benefit of [the CBA's] appeal protocols because she was not made aware of any appeal rights." Resp. to Defs' Mot. Dismiss ¶¶ 2, 3.  It appears as though Plaintiff is trying to have her cake and eat it too, so to speak.  On the one hand, she argues that the CBA is inapplicable to her situation because she was forced to resign, while on the other hand, she indicates that she would have availed herself of the appeals protocol in the CBA if she had known about it.  However, it is clear from Plaintiff's allegations that she was aware of her rights under the CBA because she immediately reached out to Ms. Riddick, her union representative, when she felt like she was being discriminated against based on her age and her race.

After considering the allegations presented by Plaintiff and accepting all factual

3

allegations as true, I find that Plaintiff's forced resignation was tantamount to a dismissal, and therefore, Plaintiff was subject to the grievance procedure set forth in the CBA. The issues Plaintiff complains of could and should have been addressed through the procedures laid out in the CBA. *See Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1222 (11th Cir. 1985). The Eleventh Circuit in *Mason* found that "[e]mployees claiming breach of a collective bargaining agreement or wrongful termination of employment by their employer are bound by that agreement's terms providing a method for resolving disputes between them and their employer," and their reasoning is equally applicable in a case involving allegations of discrimination in violation of Title VII and the ADEA. Plaintiff should have availed herself of the appeals procedures laid out in the CBA before tendering her resignation, thus affording her employer an opportunity to address any perceived wrongdoing. Therefore, Counts I, II, and III of Plaintiff's Complaint are dismissed for failure to pursue administrative remedies available through the parties' CBA.

### B. Count IV

Title 42 U.S.C. § 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To sufficiently state a claim under Section 1983, a plaintiff must allege (1) that he or she has been deprived of a right secured by the Constitution and laws of the United States, and (2) that the defendant deprived him or her of this right while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

"Local government bodies, such as school boards, may be held liable under § 1983 only for acts 'of the municipality—that is, acts which the municipality has officially sanctioned or ordered.'" *K.M. v. School Bd. of Lee Cty. Fla.*, 150 Fed. Appx. 953, 957 (11th Cir. 2005) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469 (1986)). "State law determines which bodies or persons may establish municipal policy. Under Florida law, final policymaking authority for a school district is vested in the School Board." *Id.* (citing *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701 (1989) and Fla. Stat. Ann. § 1001.41). The Defendant School Board therefore establishes municipal policy.

The plaintiff must identify the municipal policy or custom that caused his injury, *Davis v. DeKalb Cty. School Dist.*, 233 F.3d 1367, 1375 (11th Cir. 2000), and must allege that the policy or custom was the moving force of the constitutional violation. *Cuesta v. School Bd. of Miami-Dade Cty., Fla.*, 285 F.3d 962, 967 (11th Cir. 2002). "A policy is a decision that is officially

adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the [entity] .... A custom is a practice that is so settled and permanent that it takes on the force of law." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997)). "Even in the absence of an express policy or custom, a local government body can be held liable 'for a single act or decision of a municipal official with final policymaking authority in the area of the act or decision.'" *Cuesta*, 285 F.3d at 968 (quoting *McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th Cir. 1996)). "Because Florida law identifies the School Board as the policymaker for the School District, a single decision by the Board may constitute School Board policy, even if not phrased as a formal policy statement." *K.M. v. School Board of Lee County Fla.*, 150 Fed. Appx. at 957.

Plaintiff fails to identify any custom, pattern, or practice by Defendants to discriminate against teachers based on race or age through the use of allegedly illegitimate criteria. Additionally, Plaintiff fails to allege any actions or decisions by the School Board itself to demonstrate that her termination constituted a policy of the municipality. Plaintiff asserts the following in her Complaint: (1) "Defendant Ana Rasco … was … the Assistant Superintendant for Human Capital for Defendant School District and a policy level employee of Defendant School District" (Compl. ¶ 5); (2) "Defendant Carlos Rios … was … the Principal at Miami Jackson Senior high School … and an administrator of Defendant School District with powers to issue recommendations…" (Compl. ¶ 6); (3) "Defendant Ana Barreto … was … the Assistant Principal at Miami Jackson Senior High School … [and] the professional surrogate for Defendant Rios" (Compl. ¶ 7); and (4) "Defendant Matthew Radding … was … a co-employee of Defendant School District, tasked with making recommendations that … affected the continued employment and good standing [of] Plaintiff's teaching certificate." (Compl. ¶ 8). She also alleges that she was forced to resign because she "was placed in an intolerable working environment by the actions of Defendants Rios, Barreto and Radding, then adopted and vouchsafed by Defendants Rasco, Carvalho and the School District." Compl. ¶ 26. However, Plaintiff fails to allege that the Defendant School Board itself made the decision to terminate her. Plaintiff's conclusory assertion that the decisions of Defendants Mr. Rios, Ms. Barreto, and Mr. Radding were "adopted and vouchsafed" by Defendant School Board is not enough to properly allege liability under Section 1983.

Under a ratification theory, a "municipality, by actively endorsing or approving of the

conduct of its employees or officials, may be held responsible for it." *Garvie v. City of Ft. Walton Beach, Fla.*, 366 F.3d 1186, 1189 (11th Cir. 2004). "For plaintiffs to state a successful § 1983 claim against a municipality based on a ratification theory, however, 'they must demonstrate that local government policymakers had an opportunity to review the subordinate's decision and agreed with both the decision and the decision's basis.'" *Garvie*, 366 F.3d at 1189 (quoting *Thomas v. Roberts*, 261 F.3d 1160, 1175 n. 12 (11th Cir. 2001), *vacated on other grounds by*, 536 U.S. 953 (2002), *reinstated by* 323 F.3d 950 (11th Cir. 2003)). No such allegation exists in Plaintiff's Complaint. Plaintiff employs a shotgun pleading, incorporating every prior paragraph by reference into each new allegation, and completely fails to allege that the Defendant with final policymaking authority, the School Board, participated in any way in Plaintiff's termination. Therefore, Count IV of Plaintiff's Complaint is dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice (ECF No. 12) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moo*t.

**DONE and ORDERED** in chambers at Miami, Florida, this 24th day of November 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*